UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------- X

RICCO SANTANA,

                              Plaintiff,     **COMPLAINT**

                -against-

THE CITY OF NEW YORK; WARDEN JOHN/JANE
DOE # 1-2; SUPERVISOR C.O. JOHN/JANE DOE
#1-2; CAPTAIN ROSS; CAPTAIN BROWN;
CAPTAIN RIVERA; C.O. ROSALY; C.O.            Jury Trial Demanded
MCLAUGHLIN; C.O. DROZD, SHIELD # 9833;
C.O. BRUNO, SHIELD # 17136; C.O.
JOHN/JANE DOES # 1-10 the individual
defendant(s) sued individually and in
their official capacities,

                              Defendants.

------------------------------------------- X

## PRELIMINARY STATEMENT

        1.   This is a civil rights action in which plaintiff

seeks relief for the violation of plaintiff's rights secured by

42 U.S.C. §§ 1983 and 1988 and the Fifth, Eighth, and Fourteenth

Amendments to the United States Constitution, and the laws of

the State of New York.  Plaintiff's claims arise from incidents

that arose on or about October 20, 2014 and December 14, 2014.

During the incidents, the City of New York, and members of the

New York City Department of Correction ("DOC") subjected

plaintiff to, among other things, excessive force, failure to

protect, deliberate indifference, conspiracy, assault, battery,

negligence, intentional and negligent infliction of emotional

distress, negligent hiring, supervision, training, retention, and instruction of employees, respondeat superior liability, and implementation and continuation of an unlawful municipal policy, practice, and custom.  Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of costs and attorney's fees, pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## JURISDICTION & VENUE

2.    This action is brought pursuant to 42 U.S.C. § 1983, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by the aforesaid statutes and 28 U.S.C. §§ 1331 and 1343.

3.    Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under state law.  Plaintiff's notice of claim was duly filed on defendant City of New York within 90 days of the incident at issue.  More than 30 days have elapsed since such filing and the City of New York has refused to settle plaintiff's claims.  Moreover, this action has been filed within one year and 90 days of the incident that is the basis of this claim.

4.    Venue is proper here pursuant to 28 U.S.C. § 1391 because some of the acts in question occurred in Bronx County,

and the City of New York is subject to personal jurisdiction in the Southern District of New York.

**PARTIES**

5.   Plaintiff Ricco Santana is a resident of the State of New York, Bronx County.

6.   At the time of the October 20, 2014 incident plaintiff was a detainee assigned B&C 9801400334, being detained at the Vernon C. Bain Center  ("VCBC").

7.   At the time of the December 14, 2014 incident plaintiff was a detainee assigned B&C 9801400334 being detained at the George R. Vierno Center ("GRVC").

8.   At all times referred to herein, defendant City of New York was a municipal corporation organized under the laws of the State of New York, which violated plaintiff's rights as described herein.

9.   At all times alleged herein, defendant City of New York was the employer of the individual defendants, and was responsible for the policies, practices, and customs of the DOC, and maintained and operated VCBC and GRVC, located in Bronx County New York.

10.   At all times alleged herein, defendant Warden John/Jane Doe # 1 was a New York City Correction Officers employed at the VCBC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

11.   At all times alleged herein, defendant Warden John/Jane Doe # 2 was a New York City Correction Officer employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

12.   At all times alleged herein, defendant Supervisor C.O. John/Jane Doe # 1 was a New York City Correction Officer employed at the VCBC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

13.   At all times alleged herein, defendant Supervisor C.O. John/Jane Doe # 2 was a New York City Correction Officer employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

14.   At all times alleged herein, defendants Captain Ross; Captain Brown; Captain Rivera; C.O. Rosaly; C.O. Mclaughlin and C.O. John/Jane Does # 1-10 were New York City Correction Officers employed at the VCBC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

15.   At all times alleged herein, defendants C.O. Drozd, Shield # 9833; C.O. Bruno, Shield # 17136; and C.O. John/Jane Does # 1-10 were New York City Correction Officers employed at the GRVC, or other as yet unknown DOC assignment, who violated plaintiff's rights as described herein.

16.    The individual defendants are sued in their individual and official capacities.

**STATEMENT OF FACTS**

October 20, 2014 Incident

17.    On or about October 20, 2014, at the VCBC, housing area 3CA and other areas of VCBC located in Bronx, New York, correction officers and supervisors, including upon information and belief, Warden John/Jane Doe # 1; Captain Ross; Captain Brown; Captain Rivera; C.O. Rosaly; C.O. Mclaughlin, and C.O. John/Jane Does # 1-10 at times acting in concert and at times acting independently, committed the following illegal acts against the plaintiff.

18.    On or about October 20, 2014, at approximately 12:30 P.M. plaintiff requested to go the mental health clinic.

19.    Plaintiff's request was denied.

20.    Plaintiff again requested to be taken to the mental health clinic, and again his request was denied.

21.    Plaintiff then turned around got on his knees, and placed his hands behind his back and requested to be taken to intake.

22.    C.O. Rosaly, and John Does 1-5, grabbed plaintiff, and forcefully removed him from his cell.

23.    C.O. Rosaly, sprayed plaintiff with a chemical agent and placed excessively tight handcuffs on him.

24.    C.O. Rosaly, Captain Rivera, Captain Ross, Captain Brown and John Does 1-5 took plaintiff to an empty cell in the intake area with no cameras.

25.    While they were taking plaintiff to intake, C.O. Rosaly, Captain Rivera, Captain Ross and Captain Brown and C.O. John Does 1-5 assaulted plaintiff and threatened to beat him.

26.    Once in the empty cell, C.O. Rosaly, Captain Rivera, Captain Ross, Captain Brown and John Does 1-5 took plaintiff's handcuffs off and continued to assault and threatened plaintiff.

27.    Fearing for his life, plaintiff attempted to run to an area where there wear cameras.

28.    C.O. Rosaly, Captain Rivera, Captain Ross, Captain Brown and John Does 1-5 grabbed plaintiff, threw him to the ground, twisted his arm behind his back, and placed him back in handcuffs and leg restraints.

29.    The officers then improperly searched plaintiff, and one of the officers stuck his hands down plaintiff's pants, and stuck his finger in plaintiff's anus.

30.    While plaintiff was handcuffed and in leg restraints, C.O. McLaughlin, struck plaintiff in the head numerous times.

31.    The officers then transported plaintiff to another cell in the intake area.

32.   While they were transporting plaintiff to the cell, the officers repeatedly knocked plaintiff to the ground.

33.   Plaintiff was in arm and leg restrains and was thrown to the ground in the cell and left on his stomach.

34.   Plaintiff remained on the ground in a "hogtied position for at least an hour and a half.

35.   During the hour and a half, officers placed a tray of food on the floor in the cell.

36.   Plaintiff asked one of the officers to take the cuffs off so he could eat his food.

37.   The officers refused, and told plaintiff in sum and substance that *he had to eat however he had to eat*.

38.   Plaintiff was forced to eat his tray food lying on the floor on his stomach, hogtied, and unable to use his hands by placing his face directly in the tray like an animal.

39.   Those corrections officers who did not harm plaintiff failed to intervene and protect plaintiff from this unlawful action.

40.   To cover up their misconduct, Corrections officers John Does 1-10 prepared a false report indicating that plaintiff had committed various infractions.

December 14, 2014 Incident

41.   On or about December 14, 2014, plaintiff was a detainee assigned Book and Case Number 9801400334, being detained in the GRVC in the Bronx New York.

42.   C.O. Drozd was conducting a search.

43.   Plaintiff requested to be taken to the mental health clinic.

44.   C.O. Drozd, grabbed plaintiff, and placed excessively tight handcuffs on plaintiff.

45.   While handcuffed, C.O. Bruno pushed plaintiff to the ground, pushed plaintiff's face into the ground, and punched plaintiff repeatedly.

46.   To cover up his misconduct, corrections officers John Does 6-10 prepared a false report indicating that plaintiff had committed various infractions.

General Allegations

47.   The aforesaid events are not isolated. Defendants City of New York, Warden John/Jane Doe # 1, have been aware (from lawsuits, notices of claim and complaints) that many of the DOC's officers are insufficiently trained on the proper way to protect detainees, provide medical care, interact with detainees, and how not to act with deliberate indifference.

48.   Defendants City of New York, Warden John/Jane Doe # 1, are further aware that such improper conduct and training has often resulted in a deprivation of civil rights.  Despite

such notice, defendants City of New York, Warden John/Jane Doe #
1, have failed to take corrective action.  This failure caused
the officers in the present case to violate the plaintiff's
civil rights.

49.   Moreover, defendants City of New York, Warden
John/Jane Does # 1-2, were aware prior to the incident that
Supervisor C.O. John/Jane Doe # 1-2; Captain Ross; Captain
Brown; Captain Rivera; C.O. Rosaly; C.O. Mclaughlin; C.O. Drozd,
Shield # 9833; C.O. Bruno, Shield # 17136 and C.O. John/Jane
Does # 1-10 lacked the objectivity, temperament, maturity,
discretion, and disposition to be employed as officers.  Despite
such notice, defendants City of New York, Warden John/Jane Doe #
1-2, have retained these officers, and failed to adequately
train and supervise them.

50.   At all times defendant City of New York by the
DOC, and its agents, servants and/or employees, negligently,
carelessly, and recklessly trained the individual defendants for
the position of correction officer.

51.   At all times defendant City of New York by the
DOC, and its agents, servants and/or employees, negligently,
carelessly, and recklessly supervised, controlled, managed,
maintained, and inspected the activities of the individual
defendants.

52.   At all times defendant City of New York by the DOC, and its agents, servants and/or employees caused, permitted, and allowed the individual defendants to act in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

53.   At all times defendant City of New York by the DOC, and its agents, servants and/or employees negligently, carelessly, and recklessly retained in its employ, the individual defendants, who were clearly unfit for their positions, who acted in an illegal, unprofessional, and/or deliberate manner in carrying out their official duties and/or responsibilities.

54.   The occurrence(s) and injuries sustained by plaintiff, were caused solely by, and as a result of the negligent, malicious, reckless, and/or intentional conduct of defendant City of New York, and the DOC, and its agents, servants and/or employees, as set forth above, without provocation on the part of the plaintiff contributing thereto, specifically, the reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained the individual defendants.

55.   At no time did plaintiff unlawfully resist or assault any detainee or officer at any time during the above incidents.

56.    Plaintiff did not engage in prohibited, suspicious, unlawful, or criminal activity prior to or during the above incidents.

57.    The individual defendants did not observe plaintiff engage in prohibited, suspicious, unlawful, or criminal conduct at any time prior to or during the above incidents.

58.    At no time prior, during, or after the above incidents were the individual defendants provided with information or in receipt of a credible or an objectively reasonable complaint from a third person, that plaintiff had engaged in prohibited, suspicious, unlawful, or criminal conduct.

59.    The individual defendants acted in concert committing the above-described illegal acts toward plaintiff.

60.    The defendants acted under pretense and color of state law and within the scope of their employment.  Said acts by said defendants were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive plaintiff of their rights.

61.    As a direct and proximate result of defendants' actions, plaintiff experienced personal and physical injuries, pain and suffering, fear, an invasion of privacy, psychological

pain, emotional distress, mental anguish, embarrassment, humiliation, and financial loss.

## FIRST CLAIM

### (EXCESSIVE FORCE)

62.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

63.   The individual defendants' use of excessive force and failure to intervene was objectively unreasonable.

64.   Accordingly, defendants are liable to plaintiff, pursuant to 42 U.S.C. § 1983; and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## SECOND CLAIM

### (42 U.S.C. § 1983 CONSPIRACY)

65.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

66.   Defendants are liable to plaintiff because they agreed to act in concert, with each other, to inflict unconstitutional injuries; and committed overt acts done in furtherance of that goal causing damage to plaintiff.

## THIRD CLAIM

### (DENIAL OF MEDICAL CARE)

67.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

68.    Defendants are liable to plaintiff because they ignored plaintiff's need for medical treatment for a serious medical issue and/or injury, or delayed such treatment, and the harm occasioned by such an act is redressable under the Fourteenth Amendment to the United States Constitution, and 42 U.S.C. § 1983.

### FOURTH CLAIM

### (ASSAULT)

69.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

70.    Among other things as described above, the threats, taunts and excessive use of force against plaintiff placed him in fear of imminent harmful and offensive physical contacts.

71.    Accordingly, defendants are liable to plaintiff under New York State law for assault.

### FIFTH CLAIM

### (BATTERY)

72.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

73.    Among other things as described above, defendants' excessive use against plaintiff were illegal physical contacts.

74.    Accordingly, defendants are liable to plaintiff under New York State law for battery.

## SIXTH CLAIM

### (NEGLIGENT SUPERVISION, HIRING, SUPERVISION, MONITORING, TRAINING AND RETENTION OF UNFIT EMPLOYEES)

75.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

76.    Defendant City of New York is liable to the plaintiff because the occurrence and injuries sustained by plaintiff, were caused solely by, and as a result of the malicious, reckless, negligent, and/or intentional conduct of defendant City of New York, and the DOC, its agents, servants and/or employees, as set forth above, without provocation on the part of plaintiff contributing thereto, specifically, the negligent and reckless manner in which said defendant hired, trained, supervised, controlled, managed, maintained, inspected, and retained its correction officers.

## SEVENTH CLAIM

### (INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

77.    Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

78.    That by virtue of the occurrence and defendants, individually and/or by their agents, servants and/or employees, negligently and/or intentionally inflicted emotional harm upon plaintiff.

79.   The defendants' actions against plaintiff were extreme and outrageous and caused plaintiff severe emotional distress.

80.   The defendants breached a duty owed to the plaintiff that either unreasonably endangered plaintiff's physical safety, or caused the plaintiff to fear for his own safety.

## EIGHTH CLAIM

### (NEGLIGENCE)

81.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

82.   Defendants are liable to plaintiff because defendants owed plaintiff a cognizable duty of care as a matter of law and breached that duty.

## NINTH CLAIM

### (FAILURE TO INTERVENE)

83.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

84.   Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

85.   Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## TENTH CLAIM

### (MONELL CLAIM)

86.   Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

87.   Defendant City of New York, through a policy, practice, and custom, directly caused the constitutional violations suffered by plaintiff.

88.   Upon information and belief, defendant City of New York, at all relevant times, was aware that the defendants were unfit officers who have previously committed the acts alleged herein, have a propensity for unconstitutional conduct, or have been inadequately trained.

89.   Nevertheless, defendant City of New York exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline, and monitor the individual defendants and improperly retained and utilized them.  Moreover, upon information and belief, defendant City of New York failed to adequately investigate prior complaints filed against the individual defendants.

90.   Further, defendant City of New York was aware prior to the incident that the individual defendants (in continuation of its illegal custom, practice, and/or policy) would commit the illegal acts described herein.

91.     In addition, the following are municipal policies, practices, and customs: (a) acting with deliberate indifference to a risk of serious injury; (b) failing to protect individuals; and (c) covering up misconduct.

### ELEVENTH CLAIM

### (RESPONDEAT SUPERIOR)

92.     Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

93.     The individual defendants were acting within the scope of their employment as New York City Correction Officers when they committed the above described acts against the plaintiff, including failing to protect, assaulting, and battering the plaintiff.

94.     The City of New York is therefore vicariously liable under New York State law for the aforesaid torts.

**WHEREFORE**, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

    a.    Compensatory damages in an amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    Costs, interest and attorney's fees, pursuant to 42 U.S.C. § 1988; and

       d.    Such other and further relief as this Court may

            deem just and proper, including injunctive and

            declaratory relief.

DATED:     New York, New York
            January 16, 2016


                   ADAMS & COMMISSIONG LLP.
                   *Attorneys for Plaintiff*
                   65 Broadway Suite 715
                   New York, NY 10006-2503
                   (212) 430-6590
                   martin@amcmlaw.com

                   _____
                   MARTIN E. ADAMS, ESQ